# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT GOODE, SR.,** | : | No. 3:08cv1224 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| **FRANCIS SEMPA, Assistant United States Attorney,** | : | |
| **THE TIMES TRIBUNE OF SCRANTON, Editor in Chief and REPORTER THAT CAUSED HARM,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2). The court here provides a preliminary screening to determine whether process should issue.

**Background**

This case arises out of newspaper reporting concerning plaintiff's plea of guilty in the United States District for the Middle District of Pennsylvania. (See Complaint (hereinafter ("Complt.") (Doc. 1)). The Defendants in the case are the Assistant United States Attorney who prosecuted plaintiff[1] and the newspaper and newspaper reporter who reported on that prosecution. According to the plaintiff, Defendant Sempa made defamatory statements to the newspaper about plaintiff. (Id. at ¶ IV1).

---

[1] The complaint names the Assistant United States Attorney as "District Attorney" but the court takes judicial notice of the defendant's proper title.

Sempa told a reporter that plaintiff had acted as an informant and cooperated with the United States Attorney's office. (Id. at ¶ IV6). Plaintiff contends that this claim is untrue, and that Defendant Sempa made it to "punish" him for refusing to become a confidential informant. (Id.). The newspaper printed those statements without any attempt to verify them. (Id. at ¶ IV2). Both of these actions placed plaintiff in danger during his present incarceration. Plaintiff contends that the publication of these statements have caused him to live "in fear and under ridicule." (Id. at ¶ IV5).

Plaintiff filed his complaint and motion to proceed *in forma pauperis* (Doc. 2) on June 27, 2008. He seeks an injunction directing the newspaper to print a retraction of its statement that plaintiff cooperated with the United States Attorney, compensatory damages for the mental anguish, pain and emotional suffering defendants caused and punitive damages.

**Jurisdiction**

Because plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, we have jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States

2

Constitution.").

**Legal Standard**

Under 28 U.S.C. § 1915(d), we are permitted "to consider whether an *in forma pauperis* complaint is frivolous or malicious before authorizing issuance of the summons and service of the complaint." Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996). We may "dismiss as frivolous claims based on an indisputably meritless legal theory and whose factual contentions are clearly baseless." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). We undertake such an evaluation before service of the complaint.

**Discussion**

Plaintiff contends that Defendant Sempa's defamatory statements subjected him to cruel and unusual punishment in violation of his rights under the Eighth Amendment to the United States Constitution. Such an allegation, if possible to prove with the facts alleged by the plaintiff, would state a claim under 42 U.S.C. § 1983, since "[t]he first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" Baker v. McCollan, 443 U.S. 137, 140 (1979); see also Monroe v. Pape, 365 U.S. 167, 172 (1961) (finding that Congress, in passing what is now Section 1983, "meant to give a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position."). The statute "is not itself a source of substantive rights, but a method for vindicating rights elsewhere conferred by those parts of the United States

3

Constitution and federal statutes that it describes." Id. at 145 n.3.

Plaintiff's claim here is that the Assistant United States Attorney's statement to the press about plaintiff's willingness to cooperate in a future investigation has subjected him to recriminations from his fellow inmates, who apparently now consider him a "snitch" and expose him to ridicule which makes him fear for his safety.  The Assistant United States Attorney, plaintiff alleges, had to know his comments to the press would expose plaintiff to this threatening response from other prisoners.  As a result, plaintiff has been the victim of cruel and unusual punishment in violation of the Eighth Amendment.

The court finds this allegation frivolous.  "The eighth amendment prohibition against cruel and unusual punishment admits of several dimensions.  It limits the power of the legislative body to establish penalties for crimes, restricts the courts when sentencing convicted defendants, and protects prisoners from excesses of prison authorities in the executive branch." Williams v. Mussomelli, 772 F.2d 1130, 1132 (3d 1983) (internal citations omitted).  Plaintiff's allegations about the statements made by the Assistant United States Attorney to a newspaper reporter are not legislative attempts to establish penalties for crimes, a means of sentencing a particular prisoner, or an excessive use of prison authority.  Plaintiff's eighth amendment claims, therefore, are wholly frivolous and indisputably meritless as a matter of law.  Accordingly, the plaintiff has not and could not establish a violation of his constitutional rights by Defendant Sempa's actions in talking to the press.  The

court will dismiss that claim with prejudice.

Even if the court could state a cause of action against the Assistant United States Attorney for his comments to the newspaper, plaintiff's constitutional claims against the other defendants would be dismissed. Section 1983 establishes liability only for those who act "under color of state law." A private person can act under color of state law; but "[t]he principal question at stake is whether there is 'such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Leshko v. Servis, 423 F.3d 337, 340 (3d Cir. 2005). The Third Circuit has described state action cases as "broadly divide[d] into two factual categories": first "an *activity* that is significantly encouraged by the state or in which the state acts as a joint participant"; second an activity involving "an actor that is controlled by the state, performs a function delegated by the state, or is entwined with government policies or management." Id. (emphasis in original). Here, the allegation is that the newspaper published a defamatory article about the plaintiff. Nothing involved in publishing a private newspaper article could be considered as so closely intertwined with the activities and policies of the state as to be considered an action of the state itself. Plaintiff does not allege that the defendant newspaper acted as an agent of the state. Indeed, the newspaper simply reported what the United States Attorney said. The newspaper defendants therefore cannot be liable under Section 1983, even if Defendant Sempa's actions had violated his rights. The claims against the

newspaper and its reporter are frivolous and will be dismissed.

Plaintiff's remaining claims are state-law claims in the character of defamation, reckless endangerment and false light.  As the court has dismissed all of the federal claims in this case, we will dismiss those state-law claims as well.  See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

**Conclusion**

Because the court finds that all of plaintiff's claims are frivolous and indisputably meritless, we will dismiss the case without requiring service of process on the defendants.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT GOODE, SR.,** | : | No. 3:08cv1224 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| **FRANCIS SEMPA, Assistant United States Attorney,** | : | |
| **THE TIMES TRIBUNE OF SCRANTON, Editor in Chief and REPORTER THAT CAUSED HARM,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 11th day of July 2008, the plaintiff's complaint (Doc. 1) is hereby **DISMISSED WITH PREJUDICE**. The plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is hereby **GRANTED** solely for the purpose of consideration of the instant complaint. The Clerk of Court is directed to **CLOSE** the case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**